FILED

2022 APR -6 PM 1:06

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:20-cr-409-VHC-CPT
18 U.S.C. § 1343
18 U.S.C. § 1028A

ADEDOTUN ABRAHAM ADEYEMO
a/k/a "dotade77"
a/k/a "dotman"

SEALED

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNTS ONE AND TWO**
**(Wire Fraud)**

**A. Introduction**

At times material to this Superseding Indictment:

1. ADEDOTUN ABRAHAM ADEYEMO, a/k/a "dotade77," a/k/a "dotman," residing in South Africa, obtained unauthorized access to United States businesses' computer servers; participated in stealing from those servers the personally identifying information ("PII") of United States residents; and used that information to file false and fraudulent Department of the Treasury–Internal Revenue Service Form 1040, United States Individual Income Tax Returns ("Form(s) 1040") seeking income tax refunds with the Internal Revenue Service ("IRS").

**Definitions**

2. A "server" was a computer that provided services for other computers connected to it via a computer network—i.e., a set of computers connected together locally for the purpose of sharing resources—or the internet. Servers could be physically located and accessed anywhere with a network or internet connection. A server could have been a physical or virtual machine. A physical server was a piece of computer hardware configured as a server. Multiple virtual servers could be located on a single physical server, but each virtual server's data would be segregated from the data of the other virtual servers.

3. An "internet protocol address" or "IP address" was a unique identifier assigned to every computer on the internet or a local network, much like a phone number. An IP address could at times be used to identify the location of the computer connected to the internet.

4. Remote Desktop Protocol ("RDP") allowed a user to connect to another computer over a network and remotely control the computer. Using RDP, an employee could remotely access his/her employer's computer and network from the employee's home or other location. However, a cybercriminal who, without authorization, obtained the necessary access information could also use RDP to compromise and remotely control a victim's computer and network.

5. The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States, including

the ascertainment, computation, assessment, and collection of federal income taxes. A Form 1040 was used by the IRS to administer United States tax laws.

6. A "means of identification" was any name or number that could be used, alone or in conjunction with any other information, to identify a specific individual, including a name, social security number, date of birth, account number, prepaid debit card number, and credentials (e.g., a username and password).

**B. <u>The Scheme and Artifice</u>**

7. Beginning on an unknown date, but from at least as early as in or around January 2017, and continuing through at least through in or around February 2018, in the Middle District of Florida and elsewhere, the defendant,

ADEDOTUN ABRAHAM ADEYEMO,
a/k/a "dotade77,"
a/k/a "dotman,"

knowingly and willfully devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**C. <u>Manner and Means of the Scheme and Artifice</u>**

8. The manner and means by which the defendant sought to accomplish the objects of the scheme and artifice included, among others, the following:

a. It was a part of the scheme and artifice that the defendant would and did obtain unauthorized access to servers often belonging to businesses, including accounting firms.

b. It was further a part of the scheme and artifice that, after obtaining unauthorized access to the servers, the scheme participants would and did steal third parties' PII without those third parties' knowledge or permission. Those individuals were often clients of the businesses whose server(s) had been compromised.

c. It was further a part of the scheme and artifice that the scheme participants would and did obtain prepaid debit cards.

d. It was further a part of the scheme and artifice that the scheme participants would and did obtain email addresses through a disposable email service in the names of third parties without those third parties' knowledge or permission.

e. It was further a part of the scheme and artifice that the scheme participants would and did use the disposable email addresses 1) to facilitate the filing of false and fraudulent Forms 1040, and 2) to obtain prepaid debit cards in the third parties' names.

f. It was further a part of the scheme and artifice that the scheme participants would and did cause those disposable email addresses to forward their contents to email addresses the scheme participants owned or controlled.

g. It was further a part of the scheme and artifice that the scheme participants would and did electronically file and cause to be filed false and fraudulent Forms 1040 using the PII of third parties without those third parties' knowledge or permission. These returns fraudulently sought refunds that the scheme participants were not entitled to claim.

h. It was further a part of the scheme and artifice that the scheme participants would and did convert the fraud proceeds to cash.

i. It was further a part of the scheme and artifice that the scheme participants would and did communicate via email to share, among other information, stolen PII, information from Forms 1040, information for bank accounts used in schemes to defraud, physical addresses under the scheme participants' control or to which the scheme participants had access, and prepaid debit card numbers.

j. It was further a part of the scheme and artifice that the scheme participants would and did maintain records of the above information and transactions.

k. It was further a part of the scheme and artifice that scheme participants would and did use and cause to be used interstate and foreign wire communications.

l. It was further a part of the scheme and artifice that the scheme participant would and did engage in multiple meetings, perform acts, and make statements to promote and achieve the object of the scheme and artifice and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the scheme and artifice and the acts committed in furtherance thereof.

### D. Execution of the Scheme and Artifice

9. On or about February 5, 2017, in the Middle District of Florida and elsewhere, the defendant,

ADEDOTUN ABRAHAM ADEYEMO,
a/k/a "dotade77,"
a/k/a "dotman,"

for the purpose of executing the scheme and artifice described above, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|
| ONE | Form 1040 in the name of E.S. claiming a refund of $3,365, electronically transmitted from servers in Florida to servers in one or more states, including West Virginia |
| TWO | Form 1040 in the name of T.C. claiming a refund of $3,338, electronically transmitted from servers in Florida to servers in one or more states, including West Virginia |

In violation of 18 U.S.C. § 1343.

## COUNTS THREE AND FOUR
## (Aggravated Identity Theft)

1. The Grand Jury realleges and incorporates by reference Part A (Introduction) of Count One of this Superseding Indictment as if fully set forth herein.

2. On or about February 5, 2017, in the Middle District of Florida and elsewhere, the defendant,

ADEDOTUN ABRAHAM ADEYEMO,
a/k/a "dotade77,"
a/k/a "dotman,"

aiding and abetting others, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person listed by his or her initials below, during and in relation to the felony offense of wire fraud, in violation of 18 U.S.C. § 1343, as charged in Counts One and Two, respectively, knowing that such means of identification belonged to an actual person:

| COUNT | MEANS OF IDENTIFICATION |
|---|---|
| THREE | Name, address, social security number, and date of birth of victim E.S. |
| FOUR | Name, address, social security number, and date of birth of victim T.C. |

In violation of 18 U.S.C. § 1028A and 2.

## FORFEITURE

1. The allegations contained in Counts One and Two of this Superseding Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant,

ADEDOTUN ABRAHAM ADEYEMO,
a/k/a "dotade77,"
a/k/a "dotman,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

______________________________

Foreperson

ROGER B. HANDBERG
United States Attorney

By: ______________________________ for
Rachel K. Jones
Assistant United States Attorney

By: ______________________________
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
April 22

No. 8:20-cr-409-VHC-CPT

---

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

---

THE UNITED STATES OF AMERICA

vs.

ADEDOTUN ABRAHAM ADEYEMO
a/k/a "dotade77"
a/k/a "dotman"

---

**SUPERSEDING INDICTMENT**

Violations: 18 U.S.C. §§ 1343 & 1028A

---

A true bill,

______________________________
Foreperson

---

Filed in open court this 6th day of April, 2022.

______________________________
Clerk

---

Bail $______________________

---